HUNT, GOVERNOR OF ARIZONA, ET AL. *v.* UNITED STATES.

No. 44.   Argued October 23, 1928.—Decided November 19, 1928.

---

*Mr. Earl Anderson,* Assistant Attorney General of Arizona, with whom *Mr. John W. Murphy,* Attorney General, was on the brief, for appellants.

*Solicitor General Mitchell,* with whom *Messrs. R. W. Williams,* Solicitor, Department of Agriculture, and *Robert P. Reeder* were on the brief, for the United States.

. Mr. Justice Sutherland delivered the opinion of the Court.

The Kaibab National Forest and the Grand Canyon National Game Preserve, covering practically the same area, are situated north of the Colorado River in Arizona. They were created by proclamations of the President under authority of Congress. During the last few years deer on these reserves have increased in such large numbers that the forage is insufficient for their subsistence. The result has been that these deer have greatly injured the lands in the reserves by over-browsing upon and killing valuable young trees, shrubs, bushes and forage plants. Thousands of deer have died because of insufficient forage. Attempts were made under the direction of the Secretary of Agriculture to remove some of the deer from

the reserves to other lands, but these entirely failed, as did other means. The district forester, acting under the direction of the Secretary of Agriculture, proceeded to kill large numbers of the deer and ship the carcasses outside the limits of the reserves. That this was necessary to protect the lands of the United States within the reserves from serious injury is made clear by the evidence. The direction given by the Secretary of Agriculture was within the authority conferred upon him by act of Congress. And the power of the United States to thus protect its lands and property does not admit of doubt, *Camfield* v. *United States,* 167 U. S. 518, 525–526; *Utah Power & Light Co.* v. *United States,* 243 U. S. 389, 404; *McKelvey* v. *United States,* 260 U. S. 353, 359; *United States* v. *Alford,* 274 U. S. 264, the game laws or any other statute of the state to the contrary notwithstanding.

Appellants interfered with these acts of the United States officials and threatened to arrest and prosecute any person or persons attempting to kill or possess or transport such deer, under the claim that such officials were proceeding in violation of the game laws of the State of Arizona, the observance of which would have so restricted the number of deer to be killed as to render futile the attempt to protect the reserves. Three persons who had killed deer under authority of United States officials were actually arrested. Thereupon suit was brought to enjoin appellants from continuing or threatening such interference, arrest or prosecution. The court below, after a trial, found for the United States and entered a decree in accordance with the prayer of the bill, with the limitation, however, that the decree should not be construed to permit the licensing of hunters to kill deer within said reserves in violation of the state game laws. 19 F. (2d) 634.

While the Solicitor General does not concede the authority of the court to make this limitation, he is content

to let the decree stand. We, therefore, pass the matter without consideration and accept the opinion and decree below, with the modification that all carcasses of deer and parts thereof shipped outside the boundaries of the reserves shall be plainly marked by tags or otherwise, in such manner as the Secretary of Agriculture may by regulations prescribe, to show that the deer were killed under his authority within the limits of the reserves.

*Thus modified the decree is affirmed.*