In the Matter of ARTHUR W. BRANDT, as Superintendent of Public Works of the State of New York, Petitioner, against DEFENSE PLANT CORPORATION et al., Respondents.

Supreme Court, Warren County, September 27, 1943.

*Sol A. Liebman, David J. Cartenuto, Jesse J. Fine* and *Harold E. Jacobson* for Defense Plant Corporation, respondent.

*John B. Henrich, Jr.,* for National Lead Company, respondent.

*Alfred D. Kelly* and *Joseph Rosch* for Delaware and Hudson Railroad Corporation, respondent.

*Irving J. Higbee, United States Attorney* (*B. Fitch Tompkins* and *Thomas L. McKevitt* of counsel), on representation of interest of United States of America.

*Nathaniel L. Goldstein, Attorney-General* (*Arthur W. Matson* of counsel), for petitioner.

BREWSTER, J. The respondent Defense Plant Corporation is a Federal governmental corporation created and since its inception wholly owned by the Reconstruction Finance Corporation. The latter is an agent and instrumentality of the United States, created by act of Congress in 1932 in corporate form for administrative convenience. (Reconstruction Finance Corporation Act, U. S. Code, tit. 15, § 601 *et seq.*; *R. F. C.* v. *Menihan Corp.,* 312 U. S. 81.) Since such organization its powers have been enlarged " in order to aid the Government of the United States in its national-defense program." (U. S. Code, tit. 15, § 606b.) It was in exercise of those added powers that said respondent was created.

Defense Plant Corporation is, and for some time past has been, engaged in the construction of a freight railroad in this State, the line of which extends for thirty-three miles between North Creek in Warren County and Lake Sanford in the town of Newcomb in Essex County. The work of construction is well under way. It and the other respondents are under a tripartite contract under which National Lead Company acts as agent for Defense Plant Corporation in the work of construction and becomes a lessee of the railroad during construction and for a period of time after its completion, and Delaware and Hudson Railroad Corporation becomes agent of the lessee as architect-engineer during construction and, thereafter during the lease period, as operator and maintainer. During its construction, and upon its completion, the line of said railroad and its right of way is and will be wholly owned by the Defense Plant Corporation.

In locating and constructing the railroad none of the respondents have complied, nor do they propose to comply, with section 21 of the Railroad Law for the purpose of securing permission to construct it over and across nine public highways, which crossings occur in its route and two of which are State highways. Nor have they submitted, nor do they propose to submit, their plans and specifications of said crossings for approval to petitioner or to the Public Service Commission as provided by other statutes (Public Service Law, § 53; Railroad Law, § 89; Highway Law, § 52); nor, under regulation or supervision by any authorities of this State, do they intend to comply with a State statutory requirement by restoring the highways to be crossed " to the condition thereof prior to said construction."

Petitioner, as Superintendent of Public Works, has applied under article 78 of the Civil Practice Act for an order in the nature of mandamus to compel the respondents to comply with the aforesaid statutes. The respondent Defense Plant Corporation has duly countered with a motion to dismiss that application as a matter of law upon the ground it is insufficient in that this court is without jurisdiction to grant any of the relief prayed for.

The motion to dismiss presents the question as to whether applicant's petition on the face thereof discloses that in the questioned activity in which Defense Plant Corporation is engaged, it is performing a Federal governmental function. If the correct answer is affirmative, then the way and manner of the performance of such activity is beyond the reach of control or regulation by the State, and in the performance thereof said respondent is not amenable to the statutes and regulations, compliance with which petitioner seeks to enforce. (*M'Culloch* v. *State of Maryland*, 4 Wheat. 316; *Ohio* v. *Thomas*, 173 U. S. 276; *Erie R. R. Co.* v. *New York*, 233 U. S. 671; *Johnson* v. *Maryland*, 254 U. S. 51; *People* v. *Hudson River R. R. Corp.*, 228 N. Y. 203; *City of Newark* v. *Central R. Co.*, 297 F. 77; *Hunt* v. *United States*, 278 U. S. 96; *Arizona* v. *California*, 283 U. S. 423; *Stewart & Co.* v. *Sadrakula*, 309 U. S. 94; *Oklahoma* v. *Atkinson Co.*, 313 U. S. 508; *Lester* v. *G. L. Tarlton Contractor, Inc.*, 45 F. Supp. 994; *United States* v. *Mayo*, 47 F. Supp. 552, affd. 319 U. S. 441; *Penn Dairies* v. *Milk Control Comm'n.*, 318 U. S. 261.)

That in constructing the line of railroad described in the petition Defense Plant Corporation is lawfully within its chartered powers; that those powers have their source in acts of

Congress, and, immediate as regards this particular project, in a decision or determination of the War Production Board which followed a direction of the Secretary of War — all this fairly appears from the petition and its supporting documents. The mere fact that said respondent is a Federal governmental agency does not of itself carry with it the immunity of the superior sovereignty. (*R. F. C.* v. *Menihan Corp., supra.*) And it is to be recognized that said respondent has been endowed generally with power to sue and has been made liable to suit. Also to be recognized is the fact that in the tripartite contract aforesaid, said respondent has enjoined upon its agents, the other respondents, an agreement " to comply with, all applicable Federal, State, municipal and local laws and the rules, orders, regulations and requirements of any departments and bureaus and all local ordinances and regulations " in carrying out the construction program and in the operation and maintenance of said railroad. However, as to this latter matter, the agreement which it thus enjoined by contract upon its lessee seems immaterial to the inquiry as to whether, as a matter of law, Defense Plant Corporation itself, as a Federal agency, is subject to the control and regulation by the State which petitioner seeks to enforce. If it is immune therefrom it could not by such contract destroy its immunity. Petitioner, of course, has no standing to enforce the provisions of such contract, and, as I understand it, in the present proceeding, makes no pretense in that direction.

The moving respondent's liability to the control and regulation which petitioner seeks may not, I think, be determined by its having been made generally liable to suit. Such general liability may not be said to permit a curtailment of, much less to prevent, the performance of the work upon which it is engaged provided the work itself is the performance of a function of the Federal Government. Liability to suit may arise upon the consequences of acts but it may not make subject to regulation or control the performance itself when it is a duly authorized Federal function. In the latter case immunity from suit is a matter distinct from immunity to seek permission to act or to be regulated in acting. In this connection it must be noted that if, in the performance of the work of constructing the railroad, Defense Plant Corporation is bound to the compliance with the State's statutes which petitioner seeks, this performance could conceivably not only be seriously impeded or much delayed but, in fact, rendered impossible. If it is mandatory to seek permission from State authority to cross

the highways in question, we must recognize that it follows that permission could be denied. In determining where and what the power is we may not presume as to the wisdom of its exercise.

A reading of the Federal statutes under which the respondent Defense Plant Corporation was created and empowered, a description of the kind, nature, and purpose of the work in question in which it is engaged, and the direction and authority given for its performance, all of which fairly appears from the petition, convinces me that such work is distinctly and exclusively a functioning of the Federal Government, the detail of the way and manner of the performance of which, or permission to perform it or any part thereof, are beyond the reach of the regulation or control for which petitioner asks an order to compel. In holding thus the determining factor to me is the nature and purpose of the activity in question. To me it appears that the moving respondent, in constructing the railroad, is acting as an administrative agency of the Federal Government and is thereby effecting a Federal purpose for a Federal need, viz., the acquisition of materials for the use of the Government in the present war; and that in so doing it is, in legal effect, an arm of that Government acting in the performance of one of its functions in a field wherein it is supreme. In my opinion it is no more amenable to State law and regulations sought in the instant matter than is its principal's exercise of its power of eminent domain in connection with the project in question. This power has extended without question (as regards the immediate objective of the project) to the lands of the State which by its organic law it has forbidden to be taken for any purpose by any corporation, public or private. (N. Y. State Const., art. XIV, § 1.) We must recognize that such power also exists to so acquire rights or easements to cross the highways in question. (*Stockton* v. *Baltimore & N. Y. R. Co.*, 32 F. 9, appeal dismissed 140 U. S. 699.) The anomaly that the controlling sovereignty may take such lands and easements for railroad purposes and then that the State could regulate and control the taker in the way and manner of their use, even to the point of frustrating the purpose for which they were taken, this points further to me the want of jurisdiction in this court to grant any of the relief prayed for.

In the construction of the railroad the other respondents are acting and may act only as agents. I therefore do not deem them under any duty as to the compliance sought which is absent in their principal.

An order dismissing the petition may be submitted.