MILTON M. FIEGER et al., on Behalf of Themselves and All Other Tenants of GLEN OAKS VILLAGE, INC., Similarly Situated, Plaintiffs, v. GLEN OAKS VILLAGE, INC., et al., Defendants.

Supreme Court, Special Term, Queens County, June 1, 1954.

*Goldman, Evans & Goldman* and *Newman & Bisco* for defendants.

*Tannenbaum & Goldweber* for plaintiffs.

PETTE, J. Motions by defendants to dismiss the complaint pursuant to subdivisions 1 and 4 of rule 106 of the Rules of Civil Practice upon the grounds that this court has not jurisdiction of the subject of the action and that the complaint fails to state facts sufficient to constitute a cause of action.

The complaint contains five causes of action. In the first cause of action plaintiffs allege that they are tenants and that they are suing on behalf of themselves and " all other tenants, past and present "; that during the years 1946 to 1949, the owner, wishing to erect buildings upon land leased from the Land Corporations under leases of more than fifty years, applied

to Federal Housing Administration (hereinafter referred to as "F.H.A.") for mortgage insurance of about $24,000,000, pursuant to section 608 of the National Housing Act (U. S. Code, tit. 12, § 1743), and the regulations issued thereunder; and that in its applications the owner estimated the total cost of construction at $26,700,000. The Federal Housing Commissioner (hereinafter called the "Commissioner") issued the mortgage insurance in the sum of $24,000,000 and fixed the maximum rentals which the owner could properly charge, pursuant to his authority under section 608, to regulate and restrict the rents to be charged by a mortgagor under a loan insured by F.H.A.

The complaint then alleges that the "actual total cost of construction" proved to be only $20,000,000, which is $6,700,000 less than the cost estimated in the applications for mortgage insurance filed by defendant corporation.

Plaintiffs complain of the failure of the owner to use the $6,700,000, representing the difference between the estimated and the actual cost of construction, to reduce the F.H.A. insured mortgages, and allege that the maximum rents fixed by the Commissioner have been and are excessive in the sum of about $360,000 per annum, since there was a "direct relationship" between (1) the maximum rents fixed by the Commissioner and (2) the principal amounts of the mortgages which F.H.A. insured and the ground rentals payable by the owner to the Land Corporations.

The second cause of action is similar in content and makes the additional allegation that the defendants entered into a conspiracy to defraud the tenants of Glen Oaks Village "by wilfully and fraudulently and by improper and devious means" obtaining excessive appraisals of the land, "and/or" obtaining excessive estimates of the total cost of construction, "and/or" obtaining F.H.A. insured mortgages in excessive amounts.

The third cause of action alleges that said estimates to F.H.A. constituted "gross misrepresentations" and were "grossly erroneous."

The fourth cause of action is similar in content and makes the conclusory charge that the defendants were guilty of "gross negligence" in estimating the cost of construction at $26,700,000 in the applications for F.H.A. mortgage insurance.

The fifth cause of action refers to a failure to comply with the drawings and specifications for the buildings estimated to cost $26,700,000 and the construction at the lesser cost of $20,000,000.

The prayer for relief seeks an equitable decree for the repayment by the individual defendants to the owner of the mortgaged premises of the sum of $6,000,000 and interest and directing said owner either to apply the $6,000,000 towards the reduction of the mortgages or to retain the $6,000,000 as a fund to pay principal installments as they become due, and that in the nature of things with the reduction of the mortgages there would follow a revision of the leases and rentals in reduced amounts, for the benefit of the plaintiffs and other tenants.

On a motion such as this, all of the averments of the attacked pleading are taken as true (*Latham* v. *Father Divine,* 299 N. Y. 22; *Abrams* v. *Allen,* 297 N. Y. 52; *Dyer* v. *Broadway Central Bank,* 252 N. Y. 430); but there is no admission of the legal conclusions averred (*Cole* v. *Levy,* 212 App. Div. 84). However, the complaint must allege facts *not conclusions* (*Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220). A conclusion without the facts is an immaterial allegation; a conclusion of law is unavailable for any purpose (*Greeff* v. *Equitable Life Assur. Soc.,* 160 N. Y. 19; *Red Robin Stores* v. *Rose,* 274 App. Div. 462).

The prayer for "such other and further relief etc." in the complaint does not determine the sufficiency of the complaint when challenged by a motion to dismiss (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472).

It was incumbent on the plaintiffs to allege *facts* showing that they had the right to institute this action. A careful study of the complaint herein shows that said pleading is a wordy one, and not a perfect example of what section 241 of the Civil Practice Act demands, i.e., "a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies".

In my opinion, the complaint is legally insufficient. No facts showing the right to relief by these plaintiffs as against the defendants are pleaded. The tenants have no rights or interests in respect to the mortgages, ground rents or profits earned by their landlord; they are simply contracting parties who must live up to their contracts, as must the landlord, whether the result bring a profit or a loss.

The plaintiffs are complete strangers to the execution and delivery of the mortgages affecting the real property; if any party were aggrieved by the alleged excessive profits in the construction of the improvements it would be the F.H.A. Administrator *who is not a party to this action.* There is nothing in section 608, or the regulations thereunder which gives tenants any right of action against the landlord; the sole and exclusive

jurisdiction to regulate, control and enforce the provisions of section 608 is vested in the Commissioner, and *the courts of this State have no power to superintend or revise his official acts performed under Acts of Congress.* In the performance of his duties as Commissioner, he is not amenable to the statutes and regulations of the State, directly or indirectly. · (*McCulloch* v. *State of Maryland,* 4 Wheat. [U. S.] 316; *Ohio* v. *Thomas,* 173 U. S. 276; *Johnson* v. *Maryland,* 254 U. S. 51; *Hunt* v. *United States,* 278 U. S. 96; *United States* v. *Mayo,* 47 F. Supp. 552, affd. 319 U. S. 441; *Penn Dairies* v. *Milk Control Comm.,* 318 U. S. 261, 748.)

Pursuant to section 608, the F.H.A. Commissioner issued regulations which forbade mortgagors to charge more than the rents contained in a schedule filed with the Commissioner prior to the opening of the project for rental " *which schedule shall be based upon a maximum average rental fixed prior to the insurance of the mortgage* ". (Code of Fed. Reg., tit. 24, § 280.30, subd. [a]; italics supplied.)

The Commissioner in so exercising the discretion conferred upon him by Congress elected only to restrict mortgagors to maximum average rentals which were " *fixed prior to the insurance of the mortgage* ".

This State court is without jurisdiction to reduce the amounts of the maximum rents fixed by the Federal Housing Commissioner or to reduce the amounts of the F.H.A. insured mortgages as approved by the Commissioner, since " no State court may ' control the manner in which a federal agency performs or attempts to perform its functions and duties ' " (*Wasservogel* v. *Meyerowitz,* 300 N. Y. 125, 133; *Matter of Schmoll, Inc.,* v. *Federal Reserve Bank,* 286 N. Y. 503, 509; *Parkin* v. *Damen-Ridge Apts.,* 348 Ill. App. 428). The case of *Brinkmann* v. *Urban Realty Co.* (10 N. J. 113) contains nothing to the contrary.

Plaintiffs have no standing to collaterally attack the original bonds and mortgages made by the defendants and/or their corporate affiliates with the F.H.A.; any cause of action pertaining thereto rests solely within the sphere of the F.H.A. Commissioner, who cannot, as a matter of law, delegate those powers to the plaintiffs tenants, and conversely, nor can the plaintiffs tenants indirectly usurp that power by this abortive action.

The authorities cited by plaintiffs are inapplicable to the instant case and more particularly the pseudo attempted extension of the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268). Contracts for the benefit of third persons have been the prolific

source of judicial and academic discussion. (Williston, Contracts for the Benefit of a Third Person, 15 Harv. L. Rev. 767; Corbin, Contracts for the Benefit of Third Persons, 27 Yale L. J. 1008.)

However, in none of the cases applying the doctrine of *Lawrence* v. *Fox* (*supra*) has there been an extension of its principles to a situation similar to that presented in this action. The stress is upon the particular circumstances of each case rather than upon the law of some other case, and courts of equity attempt to make *Lawrence* v. *Fox* (*supra*) progressively just and fair, and to enlarge its scope, where it can be fairly done. However, it is apparent from the facts and particular circumstances of this action that the doctrine of *Lawrence* v. *Fox* (*supra*) is not applicable herein. There is nothing in section 608 of the National Housing Act, or in the regulations issued thereunder, which lends the slightest support to the tenants' unique attempt to dictate not merely the amounts of their rents, but also (1) what the amounts of the mortgages on the property should be, (2) what should be done by the landlord-corporation with funds in its possession resulting from the fact that the cost of construction proved to be less than the mortgages, (3) what should or should not be done by the owner about paying stockholders their capital investments, and (4) what should be done by stockholders of the owner about repaying profits distributed to them by the owner. There is likewise nothing in section 608 or in the regulations which even remotely suggests that tenants have any right or standing to demand that money which they seek to compel the stockholders to repay to the owner-corporation be distributed among the tenants pro rata in reduction of their rents.

The legal deficiencies of the complaint are so basic and fundamental as to compel the dismissal thereof (*Morris* v. *Flint & Bradley*, 99 N. Y. S. 2d 126, affd. 277 App. Div. 1025; *Douchkess* v. *Campbell*, 64 N. Y. S. 2d 554, 559, affd. 272 App. Div. 795). Motions of the defendants to dismiss the complaint are granted in all respects.

Submit order.