MILTON M. FIEGER et al., on Behalf of Themselves and All Other Tenants of Glen Oaks Village, Inc., Similarly Situated, Appellants, v. GLEN OAKS VILLAGE, INC., et al., Respondents.— In an action by plaintiffs, tenants of a housing project insured under section 608 of the National Housing Act (U. S. Code, tit. 12, § 1743), "on behalf of themselves and all other tenants, past and present, similarly situated", to require defendants to account for loss and damages sustained, and for other relief, because of allegedly excessive mortgages obtained by the owners, the complaint was dismissed on defendants' motions for failure to state facts sufficient to constitute a cause of action, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. The appeal is from the orders granting the motions and the judgment entered thereon. Orders and judgment affirmed, with $10 costs and disbursements. It was within the discretion of the Special Term to refuse permission to serve an amended complaint. By our determination, however, we hold only that the complaint fails to state facts sufficient to sustain a judgment for any of the relief sought. We do not now determine whether plaintiffs may be able to plead a cause of action for some of the relief demanded, or for further or different relief, upon facts not stated in the present complaint. Nolan, P. J., Wenzel, MacCrate and Schmidt, JJ., concur; Beldock, J., dissents and votes to reverse the orders and the judgment and to deny the motions to dismiss the complaint, with the following memorandum: The complaint contains five causes

of action. It is variously alleged in the several causes of action that, by reason of fraud, negligence, and defective and inferior construction, defendants were able, pursuant to the provisions of section 608 of the National Housing Act (U. S. Code, tit. 12, § 1743) and the regulations promulgated thereunder, to obtain from the Federal Housing Administration (1) an insured mortgage greatly in excess of the cost of construction, and (2) approval of a rent schedule greatly in excess of the proper rentals which would have been approved had the true facts been presented. In my opinion, the causes of action are sufficient. It is conceded that, if the rent schedules had not been approved, plaintiffs would have a cause of action. According to the complaint, the approval of the rent schedules was accomplished through fraud. Approval thus accomplished is equivalent to no approval. The complaint further alleges that it was the practice of the administration to approve rents computed pursuant to a certain formula, and that, through the acts of defendants, the administration was caused to approve rentals which were grossly excessive when so computed. Tenants, as well as others, are beneficiaries of the National Housing Act and have a direct right of action against the owner if the latter violates the act or the regulations adopted thereunder. (*Brinkmann* v. *Urban Realty Co.*, 10 N. J. 113; *Parkin* v. *Damen-Ridge Apts.*, 348 Ill. App. 428.) In my opinion, plaintiffs may obtain in this action a determination compelling defendants to file new schedules for approval and that the assessment of damages claimed by plaintiffs may await the fixation of new rentals based on the true facts. [206 Misc. 137.]