**Nedward M. FROST, Roy Colman, Mel Stonehouse, and others similarly situated, Plaintiffs,**

v.

**Lemuel A. (Lon) GARRISON, individually and as Superintendent of Yellowstone National Park, National Park Service, Department of the Interior, and agents and employees of the United States under his supervision and jurisdiction, Defendants.**

Civ. No. 4566.

United States District Court
D. Wyoming.

Jan. 10, 1962.

Simpson, Kepler & Simpson, Cody, Wyo., for plaintiffs.

Robert N. Chaffin, U. S. Atty., Cheyenne, Wyo., for the United States.

KERR, District Judge.

This is a suit for a permanent injunction in which three individuals and others similarly situated seek to restrain the Superintendent of Yellowstone National Park and agents and employees of the United States under his supervision and jurisdiction from continuing the highly controversial so-called elk-slaughtering program.

The jurisdiction of this Court is asserted on the basis that defendants have acted in violation of the statutory prohibition against killing wild animals within the limits of the Yellowstone National Park. This is a criminal statute patently enacted to assist the Secretary of the Interior with the management and care and protection of the property within the Park. It cannot be construed to constitute a prohibition against the Secretary of Interior from destroying such animals as may be detrimental to the National Park. The jurisdiction of this Court cannot rest on illusory grounds.

Plaintiffs further attempt to enlist the jurisdiction of this Court by alleging that they "have an interest in the elk now being slaughtered in Yellowstone National Park", plaintiffs being outfitters and guides "whose livelihood is affected" by the acts complained of in the complaint, said acts allegedly driving plaintiffs out of business and depriving them of earning a livelihood. The specific acts complained of include (1) the embarking upon a "wanton, cruel, and needless slaughter of 5000 head of elk in the confines of Yellowstone National Park;" said elk allegedly comprising a part of the Northern Wyoming herd belonging to the States of Wyoming and Montana; (2) the unnecessary killing of said elk; and (3) a highhanded and autocratic attitude of defendants toward plaintiffs.

The United States government has moved to dismiss plaintiffs' complaint on

the ground that this is, in substance, a suit against the United States and as such cannot be instituted without consent of the government; that defendant Garrison, as Superintendent of Yellowstone National Park, is an agent of the government and acted within the scope of his statutory authority; and that the statutes authorize the Secretary of the Interior to "provide in his discretion for the destruction of such animals and of such plant life as may be detrimental to the use of any said parks, monuments, or reservations". (16 U.S.C.A. § 3.)

██ By its motion the government has raised the issue of sovereign immunity. The cloak of immunity cannot protect a federal officer if he acts in excess of his statutory authority. (Pan American Petroleum Corp. v. Pierson et al., 10 Cir., 1960, 284 F.2d 649.) Likewise, this Court would have jurisdiction to restrain a federal officer from acting pursuant to authority illegally delegated to him or invalidly conferred upon him. (Harper v. Jones, 10 Cir., 1952, 195 F.2d 705.) The complaint falls short of meeting these requirements.

█ An injunction may be granted against an officer of the United States acting in his private or individual capacity if he acted unconstitutionally or beyond his statutory powers, or pursuant to an unconstitutional grant of power, or without delegated power. (Larson v. Domestic & Foreign Commerce Corp., 1948, 337 U.S. 682, 69 S.Ct. 1457, 93 L. Ed. 1628.) Plaintiffs' complaint contains no allegations of such actions on the part of the defendants nor any allegations that their acts exceeded their statutory powers or duties. To the contrary, the complaint is expressly directed against the Superintendent of Yellowstone National Park and against the agents and employees of the United States acting under his supervision and jurisdiction.

██ In lieu of alleging unconstitutional or illegal acts, plaintiffs complain of wanton, cruel and needless slaughter, and highhanded, autocratic attitudes.

Such contentions are beyond the sphere of the judiciary. It is academic to reiterate the principle of separation of powers. The judiciary cannot invade the legislative or executive departments merely to correct mistakes or wrongs allegedly resulting from abuse of discretion or from absence of necessity. (Dakota Central Telephone Co. v. State of South Dakota ex rel. Payne, 1919, 250 U.S. 163, 184, 39 S.Ct. 507, 63 L.Ed. 910.) This Court cannot assume a wisdom superior to that of the executive or legislative departments with respect to the disposition of animals in Yellowstone National Park for the protection or benefit of such park. So long as the officer of the United States acts pursuant to and within the limits of his valid statutory authority, the Court has no jurisdiction over his acts pertaining to property of the United States. (Chapman v. El Paso Natural Gas Company, 1953, 92 U.S.App.D.C. 154, 204 F.2d 46; United States v. Hunt, D.C. Ariz., 1927, 19 F.2d 634, modified and affirmed 278 U.S. 96, 49 S.Ct. 38, 73 L.Ed. 200.)

The statutory authorities under which the officials herein acted are clear, unambiguous, and their constitutionality has not been questioned. Their brevity lends itself to quoting from the text.

Section 3, Title 16 U.S.C.A., reads in part as follows:

"The Secretary of the Interior shall make and publish such rules and regulations as he may deem necessary or proper for the use and management of the parks, monuments, and reservations under the jurisdiction of the National Park Service, * * *. He may also provide in his discretion for the destruction of such animals and of such plant life as may be detrimental to the use of any of said parks, monuments, or reservations. * * * "

Section 36a of Title 16, U.S.C.A., provides as follows:

"The Secretary of the Interior is authorized in his discretion, and un-

der regulations to be prescribed by him, to sell or otherwise dispose of the surplus elk from the Yellowstone National Park herd, and all moneys received from the sale of any such surplus elk shall be deposited in the Treasury of the United States as miscellaneous receipts."

If the defendants are agents of the government and are acting as such, and the evidence shows this to be the fact, then this is a suit against the sovereign.

If the agents of the government were acting pursuant to the regulations and orders given to them—and it so affirmatively appears from the facts in this case—then such agents are acting in their sovereign capacity.

If the orders and regulations given to the agents of the government are not in contravention of the pertinent statutes, and they very clearly are in accord with the statutes, then they cannot be successfully assailed when carried out by the agents of the sovereign

■ Based upon the pleadings and affidavits filed herein and the evidence adduced at this hearing, it clearly appears that the plaintiffs have not claimed an invasion of their recognized legal rights; that this is an action against an officer and agents of the government acting in their official capacities and therefore that this is an action against the sovereign; that it has not been alleged or proved that the Superintendent of the Yellowstone National Park, or his agents or employees of the United States are not exercising the powers properly delegated to them; and that the actions of said federal officers are not in conflict with the terms of or in excess of their valid statutory authority.

Guided by the foregoing applicable principles of law I find that the Motion to Dismiss must be granted on the ground that this is in fact a suit against the United States of America, that the United States is an indispensable party, and that this Court lacks jurisdiction of the matter, the United States not having consented to be sued in this type of action.