The **NEW MEXICO STATE GAME COMMISSION**, Plaintiff,

v.

Stewart L. **UDALL**, Secretary of the Interior, Stanley A. Cain, Assistant Secretary of the Interior, George Hartzog, Jr., Director of National Park Service, Neal G. Guse, Superintendent of Carlsbad Caverns National Park, R. R. Mabery, Chief Ranger, and Robert J. Schumerth, Neal R. Bullington, William J. Wilson, Robert M. Turner, Walter B. O'Neal, Walter H. Kittam, Derrick C. Cooke, Park Rangers, Defendants.

Civ. A. No. 7373.

United States District Court
D. New Mexico.
March 13, 1968.

Boston Witt, Atty. Gen., State of New Mexico, Santa Fe, N. M., George T. Harris, Jr., Albuquerque, N. M., for New Mexico State Game Commission, plaintiff.

John Quinn, U. S. Atty., Michael P. Watkins, Asst. U. S. Atty., Albuquerque, N. M., for Stewart L. Udall, Secretary of the Interior, and others, defendants.

*Colorado*

Duke W. Dunbar, Atty. Gen., Denver, Colo., amicus curiae.

*Wyoming*

James Barrett, Atty. Gen., Robert L. Nelson, Special Asst. Atty. Gen., Cheyenne, Wyo., amicus curiae.

*Washington*

John J. O'Connell, Atty. Gen., Olympia, Wash., amicus curiae.

*South Dakota*

Frank L. Farrar, Atty. Gen., Pierre, S. D., amicus curiae.

*North Dakota*

Helgi Johanneson, Atty. Gen., Paul M. Sand, First Asst. Atty. Gen., Bismarck, N. D., amicus curiae.

*Texas*

Crawford C. Martin, Atty. Gen. of Texas, Austin, Tex., amicus curiae.

*Arkansas*

Joe Purcell, Atty. Gen., Little Rock, Ark., Arkansas Game and Fish Commission, amicus curiae.

*Michigan*

Nicholas V. Olds, Asst. Atty. Gen., State of Michigan, Lansing, Mich., International Assn. of Game, Fish and Conservation Commissioners, amicus curiae.

*Oregon*

Robert Y. Thornton, Atty. Gen., Portland, Or., amicus curiae.

*Nevada*

Harvey Dickerson, Atty. Gen., Carson City, Nev., amicus curiae.

*Virginia*

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., amicus curiae.

*West Virginia*

Thomas B. Yost, Asst. Atty. Gen., Charleston, W. V., amicus curiae.

*Nebraska*

Clarence A. H. Meyer, Atty. Gen., Calvin E. Robinson, Asst. Atty. Gen., Dept. of Justice, Lincoln, Neb., amicus curiae.

*Oklahoma*

Dale F. Crowder, Asst. Atty. Gen., Oklahoma City, Okl., Wildlife Conservation Commission of Oklahoma, amicus curiae.

## OPINION

PAYNE, Chief Judge.

This is a contest between the New Mexico State Game Commission and the Secretary of the Interior and his delegates. Ostensibly, the issue presented concerns the Secretary's authority to order the destruction of wildlife in the Carlsbad Caverns National Park, in violation of New Mexico law, for the purpose of conducting a scientific research study. The broader issue presented relates to the role of the States in the activity of wildlife management. Because federal lands located in states other than New Mexico might be affected by the outcome of this dispute, a number of states have appeared as *amicus curiae*.

Plaintiff has requested (1) a declaratory judgment pursuant to 28 U.S.C. § 2201, and (2) that the defendants be enjoined from killing any more wildlife in the park. Defendants contend that they are acting within their authority, and that this is in reality a suit, without consent, against the United States. They have responded with a motion for summary judgment.

The parties have filed herein a stipulation of the facts, and the case is being decided on its merits and not on the defendants' motion for summary judgment. Both parties desire that the Court decide the case on the stipulation as though a trial had been held.

When the parties signed and filed the stipulation of facts, the Court inquired whether the deer in question were to be killed to prevent injury to the park lands, or to permit a study to determine the likelihood of future depredation. The Court was informed that the Government did not intend to kill the deer because of present knowledge of depredation, but merely to gather information as the basis for a study. It has been stipulated that the State of New Mexico has offered to provide the defendants with state permits authorizing the killing of the deer, and that the defendants have refused the offer.

■■ As mentioned, defendants contend this is, in reality, an unconsented-to suit against the United States. In this regard, the Court is cognizant of the rule that an officer of the United States, such as the Secretary of the Interior, is immune to suit in his official capacity when the suit is, in effect, one against the United States. However, there exists an exception to the rule where there are allegations that the officer's actions exceeded his statutory authority. Actions of an official that exceed his authority are not actions of the United States, and in such case, the doctrine of sovereign immunity does not apply. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168; Pan American Petroleum Corp. v. Pierson, 284 F.2d 649 (10 Cir., 1960); Frost v. Garrison, 201 F.Supp. 389 (D.Wyo.1962). In the instant case, plaintiff alleges that defendants are without authority to do the acts complained of, and the Court concludes that the doctrine of sovereign immunity does not preclude this action.

In the alternative to the contention that the defendants have exceeded their authority, plaintiff alleges that any such authority found to exist is clearly unconstitutional. Should it be determined that defendants were acting within their statutory authority, and that a substantial question of constitutionality with respect to the statute, or statutes, challenged exists, the Court would initiate the convening of a three-judge panel to hear the matter. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152, and cases following. However, insofar as the problem is one of statutory construction, and the constitutional question is not reached, the parties and the Court are in agreement that the case is not one appropriate for adjudication by a three-judge court.

■■ The parties are apparently in agreement that the United States has

not acquired exclusive jurisdiction over the Carlsbad Caverns National Park. If the Federal Government possessed exclusive jurisdiction over this area, a different problem would be presented. See, for example, Chalk v. United States, 114 F.2d 207 (4 Cir., 1940), cert. denied, 312 U.S. 679, 61 S.Ct. 449, 85 L.Ed. 1118. No evidence to the contrary having been introduced, the Court concludes that the land in question was not acquired under circumstances which authorize the United States to exercise exclusive jurisdiction, and that New Mexico has not ceded exclusive jurisdiction over the area to the Federal Government. From this conclusion, it follows that the authority of the Federal Government upon the Carlsbad National Park is not absolute. The question then remains whether Congress has provided the Secretary with the authority that he now asserts. If the asserted authority exists, State Law that is inconsistent therewith must fall.

According to the law of the State of New Mexico, the State Game Commission is charged with the responsibility of managing, controlling, and of regulating the hunting of all resident species of wildlife within the state. The defendants are charged by federal law with the responsibility of managing and controlling federal lands in the state, including the area known as Carlsbad Caverns National Park.

In accordance with a program planned by the National Park Service, the defendants notified the New Mexico State Game Commission that they intended to issue federal permits to persons selected by them authorizing the killing of fifty deer in the Carlsbad Caverns National Park. The killing would take place out of the New Mexico deer hunting season, and the consent and cooperation of the Game Commission would not be obtained. Thereafter, certain of the defendants were issued such permits by another of the defendants, and fifteen deer were killed. Pending a determination of their right to continue, defendants have temporarily abandoned the program.

The parties' stipulation includes facts already recited, and makes reference to an affidavit filed in this case by the Director of the National Park Service in describing the program which is underway on Carlsbad Caverns National Park. The Director states that the federal officers are conducting studies concerning the "Dry Season Food Habits of Deer" within the Carlsbad Caverns National Park, and he concludes that

(T)hese research programs are absolutely necessary for proper management and administration of Carlsbad Caverns National Park in order to fulfill the responsibilities and obligations of the Secretary of the Interior and his delegated agents to conserve the scenery, natural and historic objects, and wildlife of the park; and that this research project is required in order that reliable scientific information may be gathered and used as a basis for other decisions affecting the management and administration of the area for the purpose of preserving and protecting the park lands from injury or damage.

The responsibility of administering, protecting, and developing Carlsbad Caverns National Park is placed with the National Park Service, subject to the provisions of Title 16, Sections 1 and 2–4 of the United States Code. 16 U.S.C. § 407a. By the terms of Section 1 of Title 16, the National Park Service is obligated to implement the fundamental purpose of the national parks. This fundamental purpose is "to conserve the scenery and the natural and historic objects and the wildlife therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations." 16 U.S.C. § 1. The defendants assert they are conforming with this directive in conducting their present study. They rely for their authority, as well, upon Section 3 of Title 16, which authorizes the Secretary to "provide in his discretion for the destruction of such animals and of such plant life as may be detrimental to the use of any of said parks * * *."

Section 3 of Title 16 is clearly inapplicable in the present situation. No showing has been made that the deer involved are detrimental to the use of the park, and indeed, defendants make no such claim. It is the opinion of the Court that the Secretary's authority under this section must be predicated upon such a finding.

■ The question remains whether the broad mandate contained in Section 1 includes the authority the defendants have asserted. The Court has concluded that this section does not include such authority. Reading Section 1 of Title 16 as broadly as defendants contend it should be read would render Section 3 unnecessary, as the authority to order the destruction of wildlife "as may be detrimental to the use" of national parks would be provided without the specific authorization found in Section 3. It seems to the Court an unreasonable conclusion that Congress authorized an activity in Section 3 that was already permitted by Section 1. The conclusion that Congress intended the Secretary's authority to be proscribed by the conditions set forth in Section 3 seems the more logical to the Court.

Defendants rely in part upon Hunt v. United States, 278 U.S. 96, 49 S.Ct. 38, 73 L.Ed. 200 (1928). It seems to the Court that the defendants' reliance is misplaced, however, for that decision is distinguishable from the present case in more than one respect. In *Hunt*, the Supreme Court permitted the destruction of deer on a national forest and game preserve by United States officials, noting (1) that the deer were in such excess numbers "that the forage is insufficient for their subsistence" and the deer "have greatly injured the lands in the reserves by overbrowsing upon and killing valuable young trees, shrubs, bushes and forage plants", and (2) observance with the game laws of the State "would have so restricted the number of deer to be killed as to render futile the attempt to protect the reserves." 278 U.S. 96, 99, 100, 49 S.Ct. 38. Neither of the recited factors is present in this case. No depredation is known to be occurring, and New Mexico has offered to cooperate with the Federal officers. Clearly, *Hunt* does not authorize the killing of deer for the purpose of conducting a study. No one doubts the Government's authority to protect its lands, and it seems to the Court that *Hunt* merely reaffirms that proposition, as does Section 3 of Title 16, U.S.C.

Section 53-3-23 of the New Mexico Statutes provides in pertinent part as follows:

The state director may issue permits to any person to * * * kill * * * game * * * at any time when satisfied that such person desires the same exclusively * * * for scientific * * * purposes.

■■ The Court concludes that Sections 1 and 2-4 of Title 16, U.S.C., do not authorize the destruction of wildlife upon the park for the purposes outlined in the Director's affidavit. The Court further concludes that enforcement of Section 53-3-23, New Mexico Statutes Annotated, quoted above, will not interfere with the Secretary's task as defined in 16 U.S.C. § 1. For these reasons, defendants must comply with Section 53-3-23, N.M.S.A. if they intend to pursue this study further.

■ This Court has jurisdiction to enjoin acts of officials which are unsupported by statutory authority. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210; Frost v. Garrison (D.Wyo. 1962) 201 F.Supp. 389; Harper v. Jones (10 Cir. 1952), 195 F.2d 705, and cases cited therein. Accordingly, it is the opinion of the Court that the defendants should be restrained and enjoined from the further killing of wildlife within the boundaries of Carlsbad Caverns National Park for the purpose of conducting a research study, unless they first secure authority for their acts by compliance with State Law.

This opinion shall constitute the Court's findings of fact and conclusions of law, as required by Rule 52(a) of the Federal Rules of Civil Procedure.