**Adam KLINE et al., Defendants,**

**v.**

**Cason RANKIN, Chairman of the Board of Bar Admissions, et al., Plaintiffs.**

**No. WC 72–61.**

United States District Court,
N. D. Mississippi, W. D.

Nov 30, 1972.

William P. Joyner, Oxford, Miss., for plaintiffs.

Heber Ladner, Jr., Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This class action was instituted pursuant to 42 U.S.C. §§ 1981 and 1983 against the chairman and members of the Mississippi Board of Bar Admis-

sions alleging the unconstitutionality of §§ 8653 and 8662, Miss.Code Ann., insofar as these sections require applicants for the Mississippi bar examination to be residents of the State at least 90 days prior to the date of the examination.

Upon defendants' motion to dismiss, it is now incumbent upon this court to review the legal sufficiency of the complaint.

The named plaintiffs are Adam Kline, John Brothers, M. C. Simpson and Francis B. Stevens. According to the complaint, plaintiffs Kline and Brothers recently graduated from accredited out-of-state law schools. In anticipation of practicing law in Mississippi as staff attorneys for North Mississippi Rural Legal Services, both Kline and Brothers submitted applications to take the September 1972 Mississippi bar examination. Plaintiff Kline submitted his application to the Mississippi Board of Bar Commissioners by mail from his address in Maryland on May 26, 1972; plaintiff Brothers submitted his application from his address in Ohio on June 5, 1972. Both Kline and Brothers moved to Mississippi in June 1972. Shortly after arrival in Mississippi, however, plaintiffs received notification from the Board of Bar Commissioners that their applications were being rejected because plaintiffs were nonresidents at the time of application.[1]

Upon receipt of defendants' notice, plaintiffs filed this action on August 23, 1972, seeking temporary injunctive relief to require defendants to administer the September bar examination to Kline and Brothers.[2] In addition, plaintiffs requested that a three-judge court be convened and that such court issue a declaratory judgment and permanent injunction enjoining the enforcement of Mississippi's residency requirement for bar applicants.

In support of their prayer for relief, plaintiffs Kline and Brothers urge that Mississippi's residency requirement is unconstitutional on its face and in the manner applied by defendants because such a requirement violates the fundamental rights of plaintiffs and their class to freely travel interstate; additionally, plaintiffs contend that a 90-day durational residency requirement is an unreasonable, arbitrary and capricious denial of their right to equal protection.[3]

Plaintiff, M. C. Simpson, an indigent citizen of Mississippi in need of assistance of counsel, asserts the additional claim on behalf of himself and all others similarly situated that Mississippi's residency requirement for bar applicants constitutes a denial of counsel for indigents in Mississippi and such denial is a contravention of equal protection.[4]

All parties having been afforded the opportunity to submit memorandum briefs, the court now addresses itself to the issues raised by defendants' motion to dismiss.

In support of their motion, defendants' primary contention is that the constitutionality of Mississippi's 90-day residency requirement has been previously upheld in Lipman v. Van Zant, 329 F.Supp. 391 (3-judge court, N.D. Miss.1971), appeal dismissed July 21,

---

1. The notification also indicated that plaintiffs' applications were unsatisfactory because they were not accompanied by three letters of reference. The complaint controverts that plaintiffs' applications were deficient in this respect.

2. By agreement of the parties, plaintiffs Kline and Brothers were permitted to take the September bar examination to obviate the necessity of a hearing on plaintiffs' motion for a temporary injunction; however, even assuming plaintiffs score passing grades, defendants apparently remain adamant in their refusal to consider plaintiffs Kline and Brothers for admission to the bar pending the outcome of this case.

3. Although plaintiffs Kline and Brothers also assert additional pendent claims, they need not be considered for the purpose of this memorandum order.

4. The individual claim of Francis B. Stevens, acting Executive Director of North Mississippi Rural Legal Services, is pendent to the foregoing claims and need not be considered at this time.

1972, upon motion of plaintiffs; thus, the doctrine of res judicata is an absolute bar to the present suit which, defendants maintain, concerns the same precise issues and is between the same parties or their privity.

From the pleadings, it appears that the scope of plaintiffs represented by bar applicants Kline and Brothers in the instant case are within the ambit of that class of nonresident applicants (plaintiff-intervenors) to which a 90-day residency requirement in *Lipman* was held to be constitutionally valid. Furthermore, although plaintiffs here challenge the constitutionality of §§ 8653 and 8662, Miss.Code Ann., asserting that these sections were beyond consideration in *Lipman*, which, plaintiffs insist, was concerned only with the constitutionality of § 8654, we believe that the issues in *Lipman* and the case at bar are substantially the same.

In *Lipman*, a three-judge federal court struck down the one-year residency requirement for bar applicants in § 8654 [5] as violative of the equal protection clause; however, the court upheld the statutory scheme of Mississippi's bar admission statutes insofar as they require an applicant to be a resident at the time one files an application to take the bar examination. Necessarily, §§ 8653 and 8662, the sections under attack in the present case, are part and parcel of the requirements upheld in *Lipman*. Section 8653 requires that "[a]ll persons who desire to be examined for admission to the bar shall, at least ninety (90) days before the regular time fixed for any examination, make application in

writing to said board, . . ." Section 8662 requires that "[e]ach application shall be filed and the fee paid at least ninety (90) days before the date of the bar examination to which the application may apply, . . ." Neither of these sections specifically states that an applicant must be a resident at the time he files his application; however, since § 8654 read in light of *Lipman* remains valid to require an applicant to be a resident at the time of his application, and since §§ 8653 and 8662 require application to be filed 90 days prior to an examination, the *Lipman* decision necessarily addressed itself to and held constitutional the 90-day residency requirement.

In *Lipman*, the court predicated its decision upon that portion of § 8654 which requires that a bar applicant be a resident of the state at the time he files his application on the traditional "rational connection" standard of equal protection.[6] The *Lipman* Court was not remiss in its observation that the Supreme Court in Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) had adopted the scope of the "compelling state interest" standard of equal protection to be employed in constitutional scrutiny of state residency requirements denying financial benefits to welfare recipients. The *Lipman* Court noted, however, that Mr. Justice Brennan, speaking for the majority, had specifically indicated that *Shapiro* was not determinative of the validity of residency requirements for one's eligibility to vote or to obtain a license to practice a profession, etc.[7] Thus, the *Lipman*

5. § 8654 Miss.Code Ann. (1942) provides in relevant part:
  "The applicant for admission to the bar, in order to be eligible for the examination for admission, shall be a citizen of the United States and an actual bona fide resident of this state *for a period of one (1) year preceding the date of such application,* . . ." (Emphasis added).

6. "[W]e hold that the portion of § 8654 requiring residence in the state, . . . has a rational connection with an appli-

cant's fitness or capacity to practice law, and hence does not offend the Equal Protection Clause." at 402.

7. As to the validity of waiting-periods or residence requirements to obtain a license to practice a profession, the *Shapiro* Court stated at Note 21, 394 U.S. at 638, 89 S.Ct. at 1333, 21 L.Ed.2d at 617: "Such requirements may promote compelling state interest on the one hand, or on the other, *may not be penalties upon the exercise of the constitutional right*

Court justifiably construed the case before it to be outside the purview of *Shapiro*. Since the *Lipman* decision, however, the Supreme Court of the United States has held in Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L. Ed.2d 274 (1972) that "durational residence laws must be measured by a strict equal protection test: they are unconstitutional unless the State can demonstrate that such laws are '*necessary* to promote a *compelling* governmental interest.' "[8] Therefore, plaintiffs urge that res judicata is not defense in the instant case because *Dunn* is an intervening decision which has the effect of requiring that Mississippi's 90-day residency requirement be scrutinized under a more exacting test of equal protection than the traditional standard of "rational connection" employed in *Lipman*. We think plaintiffs' contention is without merit.

■■ Although *Dunn* unequivocally settled the question of state voter residency requirements and in so doing emphasized that the adoption of the exacting "compelling state interest" test of equal protection, *Dunn* cannot be construed to enunciate the principle that a residency requirement of any character impinges the fundamental right of citizens to travel interstate; rather, in *Dunn* the Supreme Court merely extended its reasoning in *Shapiro* to voter residency requirements. There is no indication that the *Dunn* Court expressed an opinion superseding the controlling issues in *Lipman* which were specifically reserved in *Shapiro*, i. e., the validity of waiting periods on residency requirements to obtain a license to practice a profession on whether such requirements penalize the exercise of the right

to travel interstate. Thus, the application of the "rational connection" test by the *Lipman* Court was appropriate in light of *Shapiro* and is no less appropriate since *Dunn*. Nor did *Dunn* invalidate residency requirements of any character as impinging the fundamental right of a citizen to travel interstate; hence, reasonable residency requirements for a bar applicant cannot be said to offend that constitutional guaranty.

Moreover, our conclusion is buttressed by the recent ruling of the Supreme Court in Rose v. New Mexico Board of Bar Examiners, 339 F.Supp. 257 (D.C. 1972), aff'd 409 U.S. 1020, 93 S.Ct. 460, 34 L.Ed.2d 312 (1972). In *Rose*, direct appeal was taken from a three-judge court decision upholding the constitutionality of a New Mexico requirement that a bar applicant be an actual bona fide resident of the state for a period of six months prior to admission to the bar. The three-judge court, citing the *Lipman* decision, rejected the "compelling state interest" test of equal protection, saying at 339 F.Supp. 260:

"Considered under the traditional test of reasonable classification which is the standard we hold applicable, the six-month residency requirement is reasonable and does not unduly penalize petitioners' right to interstate travel."

The Supreme Court affirmed per curiam the lower court's decision.

We hold, therefore, that *Dunn* is not an intervening decision which has changed the applicable law since our decision in *Lipman*. Thus, the present case is barred due to res judicata and must be dismissed for failure to state a claim for which relief can be granted.

An order shall issue accordingly.

*of interstate travel.*" (Emphasis added). Therefore, whether such state durational residency requirement violates one's fundamental right to travel interstate was

construed by the *Lipman* Court to be an open question even after *Shapiro*.

8. 405 U.S. at 342, 92 S.Ct. at 1003, 31 L.Ed.2d at 284.