**Adam KLINE et al., Plaintiffs-Appellants,**

v.

**Cason RANKIN, etc., et al., Defendants-Appellees.**

**No. 73-1232.**

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1974.

Adam Kline, pro se.

A. F. Summer, Atty. Gen. of Miss., William A. Allain, First Asst. Atty. Gen., Heber A. Ladner, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before AINSWORTH, GODBOLD and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

The question in this appeal is whether the district court properly refused to request the convocation of a three-judge court by virtue of its decision to dismiss the complaint on the basis that plaintiffs' claims were foreclosed by the doctrine of res judicata. We hold that plaintiffs' constitutional claims are not so insubstantial as to obviate the necessity that they be heard by a district court of three judges. We vacate the district court's judgment and remand for the convening of a three-judge court.

Plaintiffs filed this action under 42 U.S.C. §§ 1981 and 1983[1] seeking a judgment declaring §§ 8653 and 8662 of the Mississippi Code unconstitutional and an injunction against the appropriate state officials responsible for their enforcement. Together with § 8654 these statutes have the effect of requiring a bar examination applicant to establish residency in Mississippi at least ninety days prior to the examination date.[2] In response to this complaint the defendants, the chairman and members of the Mississippi Board of Bar Admissions, filed a motion to dismiss the complaint, Fed. R.Civ.P. 12(b)(6), on the ground that it failed to state a claim for which relief could be granted because of the res judicata effect of the judgment in a previous suit which upheld the ninety day preexamination residency requirement. Lipman v. VanZant, 329 F.Supp. 391 (N.D.Miss., 1971) (three-judge court). Lipman was a class action and defendants here, the same as those in Lipman, assert that plaintiffs were members of the Lipman class.[3] The district court

---

I. These statutes provide as follows:

§ 1981. Equal rights under the law

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. Section 8653 requires that "[a]ll persons who desire to be examined for admission to the bar shall, at least ninety (90) days before the regular time fixed for any examination, make application in writing to said board . . . ." And § 8662 provides that "[e]ach application shall be filed and the fee paid at least ninety (90) days before the date of the bar examination to which the application may apply . . . ." Obviously neither of these sections specifically require an applicant to be a Mississippi resident at the time his application is filed. However, Lipman v. VanZant, 329 F.Supp. 391 (N.D.Miss., 1971), upheld the provision of § 8654 requiring an applicant to be a resident at the time he files his application, striking as unconstitutional only that portion of § 8654 providing that this period of residency be for one year. Id. at 401–402. Considered collectively then, these statutes require that an applicant for the bar examination be a Mississippi resident at least ninety days prior to the date it is to be given.

3. The Lipman court treated that case as presenting claims from two classes, those who were residents at the time of application and those who were non-residents at such time. 329 F.Supp. at 394. In its analysis the court dealt with the claims of each class separately, considering the residents as challenging the one year residency requirement of § 8654 and the non-residents as challenging the existence of any residency requirement. As we read the complaint in our case, in light of

agreed with defendants and granted the motion to dismiss. Kline v. Rankin, 352 F.Supp. 292 (N.D.Miss., 1972).

A three-judge district court is required when injunctive relief is sought to restrain the enforcement of a state statute of statewide application on the basis that the statute is unconstitutional. 28 U.S.C. §§ 2281 and 2284. *See* Sands v. Wainwright, 491 F.2d 417 (5th Cir., 1973). As was noted in *Sands,* however, the application of § 2281 is limited by the principle that a three-judge court is not necessary when the constitutional attack on the statute is insubstantial. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). When reviewing a district court's refusal to convene a three-judge court, our scope of inquiry is, therefore, narrowly defined. Unless we agree with the district court that plaintiffs' claims are so clearly barred by res judicata as to render them insubstantial, we cannot sustain its refusal to request the convocation of a three-judge court.

When the district court rendered its decision it did not have the benefit of the views expressed in Gonzales v. Cassidy, 474 F.2d 67 (5th Cir., 1973). *Gonzales* concerned the res judicata effect of the final judgment in a class action in which the class representative failed to appeal from a judgment adverse to the other members of the class. We held that a class representative's failure to appeal from a judgment which granted him relief, while denying relief to other unnamed class members because of the non-retroactivity of the decision, rendered his representation of the class inadequate so as to preclude res judicata from attaching to that judgment. Whether the principles announced in *Gonzales* will ultimately be of any help to plaintiffs here is not for us to determine. But in light of *Gonzales* we cannot uphold the dismissal of the complaint and consequent refusal to take the necessary steps leading to the convocation of a three-judge court because plaintiffs' claims cannot be deemed insubstantial.

There is an additional problem with the district court's disposition of this case. Plaintiff M. C. Simpson seeks to represent a class of indigent persons allegedly unable to obtain adequate legal representation because of the operation of the Mississippi scheme regulating who may take its bar examination. It is clear that neither he nor any member of the class he purports to represent were parties to or members of any class dealt with in *Lipman.* Without intimating any view on the merit or lack of merit of his contentions, we hold that the district court erred in treating his claims as dependent on the success of the class of bar applicants represented by Kline and Brothers. The pleadings illustrate that his basis for recovery, if indeed there is any, may well be different from that asserted by the non-resident applicants.

On the basis of the preceding discussion the district court's judgment is vacated and the cause remanded for further proceedings consistent with this opinion.

the representations made on oral argument and in appellants' brief, it does not question the validity of some residency requirement prior to admission to the bar, but rather disputes the constitutional validity of a ninety day *preexamination* residency requirement.

This is arguably a somewhat different position than that taken by the plaintiffs in *Lipman.* Moreover, whether this position is taken by residents or non-residents at the time of application would not seem to be determinative.